DA 08-0522

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 178N

IN RE THE CHILD SUPPORT OF
J.M.M., a minor child,

MIRIAM G. LUSE,

      Petitioner and Appellant,

  v.

JON R. MONTEITH,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR-1999-218
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Miriam G. Luse, (Self-Represented); Helena, Montana

      For Appellee:

            Robyn L. Weber, Attorney at Law, Helena, Montana

                    Submitted on Briefs:  May 6, 2009

                             Decided:  May 19, 2009

Filed:

            _____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Miriam Luse (Miriam) appeals from the denial of her motion for summary judgment, her petition to enforce child support, and an award of attorney fees to Respondent Jon Monteith (Jon) in First Judicial District Court. We affirm the denial of Miriam's motion for summary judgment and petition to enforce child support. We reverse and remand the award of attorney fees and costs to Jon.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Miriam and Jon were divorced in Texas in 1986. Their marriage produced a son, J.M.M. In 1996, Miriam moved to Montana with J.M.M. In August 1999, Miriam and Jon entered into a child support agreement. Under the agreement, Jon would pay Miriam $1,500 per month until J.M.M. reached the age of 18 or graduated from high school, whichever came later.

¶4 In 2000, Jon purchased a home in Helena, Montana, to facilitate his regular monthly visits to parent J.M.M. during the school year. J.M.M. would stay with Jon at this house when Jon came to visit him in Montana. J.M.M. would generally spend summers with Jon in Texas, as he still lived and operated a business there.

2

¶5 In November 2002, when J.M.M. turned 18, he was a junior in high school. At that time, J.M.M. decided he wanted to move into Jon's house in Helena. Miriam objected because J.M.M. was only 18 and would be without supervision most of the time. J.M.M. held off making the move until May of 2003, when his junior year ended. After J.M.M. moved out of Miriam's house, he never returned to live with her. J.M.M. claimed in an affidavit filed in District Court that during his senior year in high school, from 2003 to 2004, Miriam did not provide him with any significant financial support. J.M.M. also claimed that part of the reason Miriam did not want him to move out of her house was financial. J.M.M. stated that Miriam asked Jon in May 2003 to pay her for "just one more month" of child support, and it was J.M.M's understanding that Jon complied with this request. In her sworn affidavit, Miriam disputes this account of events and denies she ever made such a request or communicated to Jon that he could stop making child support payments. Instead, Miriam claims she did not press the issue in order to preserve good relations with J.M.M. and that she never intended to excuse Jon from his child support obligations.

¶6 Jon's last child support payment to Miriam was made in May 2003, a full year before J.M.M. graduated from high school. Thereafter, Jon provided for his son's support.

¶7 On March 21, 2008, Miriam filed a petition to enforce the child support order in District Court. Miriam sought $18,000 in back payments based on Jon's failure to pay child support from June 2003 to May 2004. In response, Jon filed a motion to dismiss her petition based on equitable estoppel grounds. Miriam responded to the motion to

dismiss and then moved for summary judgment on her petition. On June 23, 2008, the District Court denied Miriam's motion for summary judgment in a one-sentence order. A hearing was subsequently scheduled on Miriam's petition. However, the parties subsequently stipulated that a hearing on the motion was not necessary and that the issues could be decided solely on the briefs.

¶8 On September 25, 2008, the District Court entered an order denying Miriam's petition to enforce child support, and granting Jon attorney fees and costs incurred in responding to Miriam's petition. The District Court acknowledged that under a strict reading of the applicable statutes, Jon would be liable for child support to Miriam since he never filed a motion to modify the child support agreement pursuant to § 40-4-208(1), MCA. However, the District Court concluded that Miriam was equitably estopped from seeking back child support under *In re Marriage of Shorten*, 1998 MT 267, 291 Mont. 317, 967 P.2d 797 (1998). The general requirements for equitable estoppel under *Shorten*, as recited by the District Court, are as follows:

> (1) conduct, acts, language, or silence amounting to a representation or concealment of material facts; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the party claiming the benefit of estoppel at the time it was acted upon; (4) the conduct must be done with the intent, or at least with the expectation, that it will be acted upon by the other party or under circumstances that it is both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and (6) he must in fact act upon it so as to change his position for the worse.

*Shorten*, ¶ 18.

¶9 The District Court applied these factors to the facts before it as follows:

4

In this case, Miriam knew that J.M.M. was going to live at his father's residence for his senior year; she knew that she was not going to be providing J.M.M.'s primary support; she knew that Jon would be providing J.M.M.'s primary support; and she made no formal complaints or direct complaints to Jon about stopping the child support payments at that time. After J.M.M. moved to his father's house, Miriam requested that Jon make one last payment to her, and she accepted that payment. Jon acted upon Miriam's implied consent and stopped making direct payments to her. With all these factors in mind, the Court concludes that Miriam is equitably estopped from demanding child support payments for J.M.M.'s senior year when he was not living with her.

¶10 The District Court concluded its order by granting Jon reasonable attorney fees and costs in responding to Miriam's petition. The District Court did not set forth a rationale explaining its decision, other than to direct Jon to submit an itemization of costs incurred and to allow Miriam to request a hearing if she objected to the amount of attorney fees and costs.

¶11 Miriam now appeals from the District Court's decision, presenting the following issues on appeal:

¶12 **Issue One:** *Did the District Court err in denying Miriam's motion for summary judgment?*

¶13 **Issue Two:** *Did the District Court err in denying Miriam's petition to enforce the child support order?*

¶14 **Issue Three:** *Did the District Court abuse its discretion in awarding attorney fees and costs to Jon?*

**STANDARD OF REVIEW**

¶15 "We review de novo a district court's grant of summary judgment, using the same standards applied by the district court under M. R. Civ. P. 56. The moving party has the

5

burden of establishing the absence of a genuine issue of material fact, and entitlement to judgment as a matter of law. Once the moving party has met this burden, the non-moving party must present substantial evidence essential to one or more elements of the case to raise a genuine issue of material fact." *Smith v. Burlington Northern and Santa Fe Ry. Co.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639 (citing *Rich v. Ellingson,* 2007 MT 346, ¶ 12, 340 Mont. 285, 174 P.3d 491).

¶16 We review a district court's findings of fact to determine whether they are clearly erroneous. We review a district court's conclusions of law to determine whether that court's interpretation of the law is correct. *In re Estate of Berthot*, 2002 MT 227, ¶ 21, 312 Mont. 366, 59 P.3d 1080.

¶17 The determination of whether to award a party attorney fees is a discretionary function of a district court and will not be overturned absent an abuse of that discretion. An abuse of discretion occurs when the trial court acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *In Re Petition of Billings High Sch. Dist. No. 2 v. Billings Gazette*, 2006 MT 329, ¶ 23, 335 Mont. 94, 149 P.3d 565.

## DISCUSSION

¶18 **Issue One:** *Did the District Court err in denying Miriam's motion for summary judgment?*

¶19 Miriam maintains that the District Court erred in denying her motion for summary judgment on her petition to enforce the child support order. She claims that she demonstrated there were no genuine issues of material fact, she was entitled to summary

judgment as a matter of law, and that Jon failed to meet his burden to oppose her motion. Miriam notes that Jon failed to file his own affidavit in response to her motion. Miriam argues she has proven that Jon had agreed to pay child support until J.M.M. turned 18 or graduated from high school, whichever came later, and yet he failed to pay child support for J.M.M.'s senior year in high school. She further maintains that Jon had failed to file a motion to modify the child support agreement, and that she never agreed that Jon could cease making child support payments during J.M.M.'s senior year. She also argues that her petition was not barred by laches, statute of limitations, or equitable estoppel.

¶20 Jon asserts the District Court did not err. He maintains that regardless of whether Miriam showed an absence of genuine issues of material fact with respect to her petition, she failed in her burden to prove that she was entitled to judgment as a matter of law. Jon concedes that that he did not file an affidavit in opposition to her motion, but asserts that his equitable estoppel argument, which he filed in response to Miriam's petition, was properly considered by the District Court and provided a sufficient basis upon which to deny Miriam's motion.

¶21 To illustrate that the District Court did not err in applying equitable estoppel in this case, Jon sets forth the application of *Shorten*'s six elements as follows. *See* Opinion, ¶ 8. Under element (1), Jon points out that after he stopped paying child support, Miriam was silent and raised no objections. Under element (2), he notes that Miriam knew she was not objecting to Jon's failure to pay, and took no actions with respect to any complaint she might have concerning Jon's conduct. With respect to element (3), Jon asserts that he did not know that Miriam objected to his discontinuance

7

of child support under the circumstances since Miriam never communicated this fact to him. Under element (4), Jon argues that Miriam continued to conceal her complaint that it was wrong for Jon to stop paying child support, and did so with full expectation that Jon would continue to act upon her silence. Element (5) is satisfied because Jon continued to rely upon her silence and concealment of her displeasure that he was not paying her any more child support after J.M.M. had moved out of Miriam's house. Finally, Jon argues that element (6) is met because he did not file a motion to modify the child support order precisely because Miriam did not object. Since Jon was in fact paying J.M.M.'s expenses during this time, Jon asserts that if Miriam had informed him that she still wanted child support, he would have filed a petition to modify the child support order. Accordingly, Jon argues that based on the evidence before the District Court and the application of the elements of equitable estoppel under *Shorten*, Miriam failed to prove that she was entitled to judgment on her petition as a matter of law and that her summary judgment motion was properly denied.

¶22 As Jon notes, the District Court may consider the theory of equitable estoppel in relation to a motion for summary judgment. *See Arthur v. Pierre, Ltd.*, 2004 MT 303, ¶ 33, 323 Mont. 453, 100 P.3d 987. We agree with Jon that Miriam did not demonstrate that she was entitled to judgment as a matter of law, and that the District Court did not err in denying her motion for summary judgment.

¶23 **Issue Two:** *Did the District Court err in denying Miriam's petition to enforce the child support order?*

8

¶24 We have concluded that Miriam failed to meet her burden on summary judgment under Jon's theory of equitable estoppel. In ultimately denying her petition for the enforcement of child support, the District Court explicitly relied upon the equitable estoppel theory. Based on our reasoning under Issue One, we conclude that the District Court did not err in denying Miriam's petition under the theory of equitable estoppel.

¶25 **Issue Three:** *Did the District Court abuse its discretion in awarding attorney fees and costs to Jon?*

¶26 Finally, Miriam argues that the District Court abused its discretion in granting attorney fees and costs to Jon. Miriam notes that there was no contractual arrangement between the parties with respect to attorney fees, and that because her petition concerned past child support, this issue was governed by § 40-4-110(1), MCA, which reads as follows:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the professional, who may enforce the order in the professional's name.

¶27 Miriam argues that an award under this statute must be reasonable, supported by competent evidence, and based on necessity. In this case, she argues such necessity was lacking and was never considered by the District Court.

¶28 We agree. The District Court's decision granting attorney fees contains no analysis or indication that the respective financial resources of the parties were even considered. Thus, we conclude that it was an abuse of discretion for the District Court to

9

award attorney fees and costs in this case. *See In Re Marriage of Crone*, 2003 MT 238, ¶ 45, 317 Mont. 256, 77 P.3d 167 (holding that a district court committed an abuse of discretion in awarding attorney fees under § 40-4-110, MCA, when it failed to properly consider the financial resources of the parties). Accordingly, the award of attorney fees and costs is reversed.

## CONCLUSION

¶29 We affirm the District Court's denial of Miriam's motion for summary judgment, and its order denying Miriam's petition to enforce child support. We reverse the award of attorney fees and costs, holding each party shall be responsible for their own attorney fees and costs. Accordingly, we remand the judgment for attorney fees and costs to the District Court for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ BRIAN MORRIS

Justice James C. Nelson concurs and dissents.

¶30 I concur with the Court's decision as to Issue 3; I dissent from the Court's decision as to Issues 1 and 2. As to those, in my view, the Court's reliance on *In re Marriage of Shorten,* 1998 MT 267, 291 Mont. 317, 967 P.2d 797, is misplaced. *Shorten* required the application of equitable estoppel based on the mother's active concealment of the parties'

10

daughter's whereabouts for eight years. The father did not know where to send child support, and the mother took the position that her current husband was providing well for the daughter and that she did not need the father's child support. *Shorten*, ¶¶ 20-21. These facts are far different than those here. In my view, if Jon felt that he did not have to support J.M.M. because of the change in circumstances, he should have filed a motion for modification under § 40-4-208(1), MCA. It seems to me that what the trial court did here was improperly modify child support retroactively. *See In re Marriage of Bordner,* 220 Mont. 339, 345, 715 P.2d 436, 439-40 (1986).

¶31    I concur and dissent.


/S/ JAMES C. NELSON